IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

NATHAN OZELL GRIFFIN,           )
                                )
        Petitioner,             )
                                )
vs.                             )   Case No. 04-CV-345-JHP-PJC
                                )
RON WARD,                       )
        Respondent.             )

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus proceeding. Petitioner is a state prisoner and appears *pro se*. Respondent filed a response (Dkt. # 5) to the petition and provided the state court record (Dkt. # 6) necessary for resolution of Petitioner's claims. Petitioner did not file a reply. For the reasons discussed below, the Court finds the petition shall be denied.

### *BACKGROUND*

On May 13, 2001, at approximately 4:20 a.m., the relief dispatcher for the Oklahoma Highway Patrol received reports of a single vehicle accident on Interstate 244 in Tulsa, Oklahoma. One caller said the driver of the overturned vehicle was waiving a gun. Oklahoma Highway Patrol Trooper Keith Najera arrived at the scene and found the vehicle on its top. He exited his vehicle armed with a shotgun. He ordered the driver to get to the ground, to lie face down with his hands out. After the driver complied, Trooper Najera searched him for weapons and found none. The subject smelled of alcohol and had red, watery eyes. Trooper Mays arrived at the scene, arrested the driver, later identified as Petitioner Nathan Griffin, for driving under the influence, and transported him to the Tulsa County Jail. Thereafter, a wrecker arrived. As the vehicle was turned right side up, Trooper Najera recovered two (2) 9 mm casings. He also found a 9 mm handgun about 40 feet away from the accident. After securing the gun, he went to the Tulsa County Jail where Officer Mays was

administering an "intoxilyzer" breath test to Petitioner. Petitioner initially denied that the gun recovered near the accident scene was his. After he was told that the police could get fingerprints off the gun and match up the casings with the gun, he admitted the gun was his.

As a result of those events, Petitioner was convicted by a jury of Possession of a Firearm, After Former Conviction of a Felony (Count I), and Driving While Under the Influence of Intoxicating Liquor (Count II), in Tulsa County District Court, Case No. CF-2001-2804 (Dkt. # 6, Ex. 1). The trial court sentenced him in accordance with the jury's recommendation to thirty (30) years imprisonment and a $5,000 fine on Count I and ten (10) days in jail and a $250 fine on Count II, with the sentences to be served concurrently. Id. Petitioner was represented at trial by attorney Michael French.

Petitioner appealed his conviction and sentence to the Oklahoma Court of Criminal Appeals ("OCCA"). Represented by attorney Andreas T. Pitsiri, Petitioner raised three (3) propositions of error on direct appeal, as follows:

| | |
|---|---|
| Proposition I: | Prosecutorial misconduct led to an excessive sentence. |
| Proposition II: | The trial court erred when it allowed the State to use contemporaneous felonies for both an element of the crime charged and for enhancement purposes. This error led to an excessive sentence. |
| Proposition III: | Appellant should be given the benefit of the recent changes to 21 O.S. 2001, § 51.1 that reduce the minimum penalty. |

(Dkt. # 5, Ex. A). In an unpublished summary opinion, filed March 21, 2003, in Case No. F-2001-1312, the OCCA rejected Petitioner's claims and affirmed the Judgment and Sentence of the trial court (Dkt. # 5, Ex. C). Nothing in the record suggests that Petitioner sought a *writ of*

*certiorari* from the United States Supreme Court. Petitioner did not seek post-conviction relief (Dkt. # 1 at 2).

Petitioner filed the instant habeas corpus petition on February 20, 2004, in the United States District Court for the Western District of Oklahoma. See Dkt. # 1. By Order filed March 29, 2004, the case was transferred to this District Court where it was received for filing on April 21, 2004. In his petition, Petitioner raises the same grounds of error raised on direct appeal. In response to the petition, Respondent asserts that Petitioner is not entitled to habeas relief under 28 U.S.C. § 2254(d). See Dkt. # 4.

## *ANALYSIS*

### A. Exhaustion/Evidentiary Hearing

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent concedes and the Court agrees that the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied in this case. In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

### B. Claims adjudicated by the OCCA

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence

3

presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 150-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

As indicated above, Petitioner presented his claims to the OCCA on direct appeal. The OCCA considered, but rejected, each claim. See Dkt. # 6, Ex. 1. Therefore, the § 2254(d) standard applies to this Court's analysis of Petitioner's claims presented on direct appeal.

### *1. Prosecutorial misconduct (ground 1)*

As his first proposition of error, Petitioner claims that during his closing argument, the prosecutor "attempted to incite the jurors to be prejudiced against Mr. Griffin." See Dkt. # 1, attached brief. Specifically, he complains of the following comments made by the prosecutor during closing argument:

> Here you have a man who's been convicted of dope dealing, convicted of having a firearm before, driving down the road intoxicated, and caught with a pistol again, waiving it around. Folks trying to help him can't help him because he's got a pistol in his hand.

> \* \* \* \*

> It's your prerogative to fix punishment in these proceedings. I suggest to you that you consider the time that you next want to see this defendant over here, who's twice now in his criminal record been in possession of a firearm. He's been convicted of drug dealing. When's the next time you want him out on the street? And surely he'll have a gun on him.

4

(Dkt. # , Tr. Trans. Vol. II at 176, 188-89). Petitioner argues that those comments improperly invoke "societal alarm" and warrant modification of his sentence. He also complains that during his own testimony, the prosecutor engaged in improper questioning by theorizing that since Petitioner denied having any gun in his possession, the police must have "planted" the gun. See Dkt. # 1, attached brief at 6-7.

"Generally, a prosecutor's improper remarks require reversal of a state conviction only if the remarks 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" Hung Thanh Le v. Mullin, 311 F.3d 1002, 1013 (10th Cir. 2002) (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974)); Darden v. Wainwright, 477 U.S. 168, 180-181 (1986). Stated another way, habeas corpus relief is available for prosecutorial misconduct only when the prosecution's conduct is so egregious in the context of the entire trial that it renders the trial fundamentally unfair. Donnelly, 416 U.S. at 642-648; Cummings v. Evans, 161 F.3d 610, 618 (10th Cir.1998). Inquiry into the fundamental fairness of a trial requires examination of the entire proceedings. Donnelly, 416 U.S. at 643. "To view the prosecutor's [conduct] in context, we look first at the strength of the evidence against the defendant and decide whether the prosecutor's [conduct] plausibly could have tipped the scales in favor of the prosecution." Fero v. Kerby, 39 F.3d 1462, 1474 (10th Cir. 1994) (quotations omitted); see also Smallwood v. Gibson, 191 F.3d 1257, 1275-76 (10th Cir. 1999).

After reviewing the strength of the evidence put forth by the prosecution, this Court finds that the OCCA's rejection of this claim was not an unreasonable application of Supreme Court law. In light of the evidence presented in this case, including the testimony of Troopers Hankins, Najera and Mays, the 9 mm casings recovered from the vehicle driven by Petitioner, and the 9 mm handgun

found beside the road in close proximity to Petitioner's overturned vehicle, the Court finds no reasonable probability that the verdict would have been different without the prosecutor's comments, and concludes that the proceedings against Petitioner were not rendered fundamentally unfair by prosecutorial misconduct.

In addition, the Court finds that the prosecutor's comments did not lead the jury to impose an unconstitutionally excessive sentence on Petitioner. To obtain federal habeas relief based on an excessive sentence, a litigant must show that his sentence "exceeds or is outside the statutory limits, or is wholly unauthorized by law." Haynes v. Butler, 825 F.2d 921, 923-24 (5th Cir. 1987); see also Vasquez v. Cooper, 862 F.2d 250, 255 (10th Cir. 1988) ("Generally, ... appellate review of a sentence ends once it is determined that the sentence is within the limitations set by statute."); Herron v. United States, 551 F.2d 62, 64 (5th Cir. 1977) (per curiam) ("The severity of a sentence imposed within the statutory limits will not be reviewed."). Although incarcerating a defendant beyond a states's maximum applicable sentence "may implicate constitutional concerns, the period of incarceration within that time is necessarily discretionary with the sentencing judge." Vasquez, 862 F.2d at 255. Defendants have "no right to a particular sentence within the statutory limits." Id. In this case, Petitioner's sentence falls within established statutory limits. See Okla. Stat. tit. 21, § 51.1 (providing range of punishment of twenty (20) years to life after former conviction of two (2) or more felonies). As a result, he has failed to show a federal constitutional violation. Therefore, Petitioner is not entitled to habeas corpus relief on his prosecutorial misconduct claim. Pursuant to § 2254(d), habeas corpus relief on this claim shall be denied.

### *2. Grounds two and three are not cognizable on federal habeas corpus review*

As his second proposition of error, Petitioner alleges that the trial court erred in allowing consideration of two (2) contemporaneous felony convictions, both entered in Tulsa County District Court, Case No. CF-1991-4212, for both an element of the crime charged and for enhancement purposes. On direct appeal, the OCCA rejected this claim, finding that the two felony convictions from Case No. CF-91-4212, were properly utilized for enhancement purposes. See Dkt. # 5, Ex. C.

As his third proposition of error, Petitioner asserts that an amendment to Okla. Stat. tit. 21, § 51.1, which lowered the minimum sentence, should have been applied retroactively[1] to his sentence. The OCCA rejected this claim, citing Nestell v. State, 954 P.2d 143 (Okla. Crim. App. 1998), and finding that "legislative changes are prospective only, unless specifically declared to be retroactive." See Dkt. # 5, Ex. C.

Respondent asserts that the claims presented in Petitioner's grounds two and three are not cognizable on habeas corpus review because they involve matters of state law. The Court agrees with Respondent that Petitioner's challenges to the use of his prior convictions and the enhancement of his sentence concern matters of state law. A federal habeas court has no authority to review a state court's interpretation or application of its own state laws. Estelle v. McGuire, 502 U.S. 62, 67-8 (1991) (emphasizing that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions).  Instead, when conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. Id.  Accordingly, Petitioner's grounds two and three claims challenging application of

---

[1] Petitioner committed the crimes for which he was convicted on May 13, 2001.  The amendments to Okla. Stat. tit. 21, § 51.1, were effective July 1, 2001.  As a result, the amendments do not apply to Petitioner's case unless "they are specifically declared to have retroactive effect." Nestell v. State, 954 P.2d 143, 144 (Okla. Crim. App. 1998).

Oklahoma's sentencing statutes are not cognizable in this federal habeas corpus proceeding and should be denied on that basis.

A petitioner may be entitled to habeas corpus relief, however, if he shows that the alleged violation of state law resulted in a denial of due process. See Aycox v. Lytle, 196 F.3d 1174, 1179-80 (10th Cir. 1999) (citing Hicks v. Oklahoma, 447 U.S. 343, 346 (1980)). "Moreover, the deprivation occasioned by the state's failure to follow its own law must be 'arbitrary in the constitutional sense'; that is, it must shock the judicial conscience." Aycox, 196 F.3d at 1180.

Petitioner has not demonstrated that the allegedly erroneous use of his prior convictions resulted in a denial of due process. Furthermore, Petitioner fails to point to any OCCA precedent determining that the amendment to Okla. Stat. tit. 21, § 51.1, should have retroactive effect. In fact, the OCCA has held to the contrary. Williams v. State, 59 P.3d 518, 519 (Okla. Crim. App. 2002) (rejecting claim that a defendant was entitled to retroactive application of Okla. Stat. tit. 21, § 51.1(C) and stating general rule that in absence of express indication that legislature intended amendment changing sentencing range to operate retroactively, defendant is entitled only to application of law in effect at time of his crime). Petitioner has failed to demonstrate that he was convicted or sentenced in violation of due process. Therefore, the Court concludes that Petitioner is not entitled to habeas relief on grounds two and three.

## *CONCLUSION*

After careful review of the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that** the petition for a writ of habeas corpus (Dkt. # 1) is **denied**. A separate Judgment shall be entered in this case.

**DATED** this 24th day of September 2008.

_____
James H. Payne
United States District Judge
Northern District of Oklahoma